## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JUANITA MARTINEZ,

    Plaintiff,

vs.            No. CIV 04-0255 JB/RLP

CORNELL CORRECTION OF TEXAS, INC.,
A DELAWARE CORPORATION,
MANAGEMENT AND TRAINING CORPORATION,
A DELAWARE CORPORATION, and
RUDY ESTRADA, CODY GRAHAM, and
LUIS GALLEGOS, in their individual capacities.

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants Management & Training Corporation's ("MTC") and Cody Graham's Motion and Memorandum in Support to Enlarge Time Allotted for Deposition of Plaintiff, filed December 17, 2004 (Doc. 76), and the Defendant Luis Gallegos' Response and Joinder in the Defendants Management and Training Corporation's and Cody Graham's Motion to Enlarge Time Allotted for Deposition of Plaintiff, filed January 5, 2005 (Doc. 90). The issue is whether the Court should allow the Defendants' deposition of Plaintiff Juanita Martinez to continue beyond the seven hours to which the parties agreed in the Provisional Discovery Plan ("PDP"), filed July 6, 2004 (Doc. 26). Because the Court concludes that there is good cause to allow further questioning of Martinez by MTC and Graham's counsel and by Gallegos' counsel, the Court grants MTC and Graham's motion, joined by Gallegos, to enlarge time allotted for Martinez' deposition, and allows MTC and Graham's counsel up to two hours and Gallegos' counsel up to one hour to examine Martinez in her deposition.

**FACTUAL BACKGROUND**

Martinez is the critical witness and essentially the sole witness to the serious allegations of events that she contends occurred at the Santa Fe County Adult Detention Center during the years 2000, 2001, and 2002.

**PROCEDURAL BACKGROUND**

Martinez' deposition was properly noticed and begun on December 15, 2004 at the offices of counsel for Defendants Cornell Corrections of Texas and Rudy Estrada.

Days before the deposition, Defendants' counsel discovered letters that Martinez wrote soon after she reported to jail officials that a corrections officer had raped her.  Among other things, Martinez writes in the letters that she and her "home girls" got together to concoct and fabricate a story about her being raped to protect a male inmate with whom, Martinez wrote, she had voluntary, consensual and loving sex, and by whom she became pregnant while both were incarcerated.  In the letters, Martinez expresses her undying love for the male inmate and that her desire to be with him "felt right and beautiful, it couldn't of been more perfect."  Martinez wrote that, when MTC officials "kept bothering her for a story" to explain her pregnancy, she gave them a story.  She also wrote that, to "do the lawsuit," she had to "make some statement to my lawyer."  Martinez refers to herself as the male inmate's wife and repeatedly expresses her love and desires for him.

Martinez had not disclosed these letters in her Initial Disclosures or in previous discovery, and her counsel apparently had not known of their existence.  Shortly after the Defendants' counsel learned about and obtained these letters, they provided copies to Martinez' counsel and offered to accept a dismissal of the lawsuit with prejudice in exchange for not pursuing costs against Martinez should the Defendants prevail.  When Martinez refused that offer, Martinez' deposition went forward

-2-

as scheduled.

Cornell and Estrada's counsel began questioning Martinez shortly after 9:00 a.m. and continued until approximately 4:30 p.m., not including morning and afternoon breaks and a lunch break of approximately 1 ½ hours. Cornell and Estrada's attorney, Patrick Allen, was able to cover most, if not all, of the issues that are of similar interest to all Defendants. Because the newly discovered letters contradicted her contention that a corrections officer and two male inmates, including the subject of her expressions of love, had raped her, the counsel for Cornell and Estrada spent a significant portion of the deposition time having Martinez read and explain her statements contained in these long, handwritten letters.

Counsel for Luis Gallegos, the Defendant whom Martinez has accused of raping her, used the remainder of the allotted seven hours, and the parties left the deposition about 6:20 p.m. without concluding it or advising Martinez of her right to read and sign the deposition. When the deposition recessed, counsel for all parties discussed and understood that Gallegos' counsel had not completed his examination, and that MTC and Graham's counsel still needed time to examine Martinez on issues that had not yet been addressed, especially with regard to her claims against MTC and against Graham.

MTC and Graham represent that the other Defendants conducted the deposition in an expeditious ad professional manner. Martinez' attorney, Paul Kennedy, agreed, stating at the hearing on this motion that it was the smoothest Plaintiff's deposition in this type of case he had ever attended. See Transcript of Hearing at 18:2-5 (taken January 6, 2005).[1]  Kennedy attended the

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

deposition's morning session and objected to one question. Kennedy's co-counsel, Adam Baker, attended the afternoon session on Martinez' behalf and interposed a few objections to the form of questions. There were approximately two objections throughout the entire day that questions had been previously asked and answered. There were no objections that counsel were harassing the witness.

MTC and Graham move the Court for an order enlarging the time allotted in the PDP for Plaintiff Juanita Martinez' deposition. MTC and Graham request that the Court enter an order allowing these Defendants' counsel up to two hours to examine Martinez in her deposition. Gallegos' counsel joined this motion, requesting that the Court enter an order allowing the Defendant Gallegos' counsel up to one hour to examine Martinez in her deposition.

## ANALYSIS

MTC and Graham's counsel and Gallegos' counsel seek enlargement of the time so that they may ask questions of Martinez. MTC and Graham submit that, because the five Defendants have certain interest that are potentially in conflict with and even adversarial to each other, because of newly discovered evidence that significantly extended the questioning by the other Defendants' counsel, and because of the extensive subject matters uniquely within Martinez' knowledge, it would be unfair and severely prejudicial to MTC and to Graham if they were not able to examine Martinez on these issues.

MTC and Graham contend that the nature of Martinez' claims on both liability and damages, and her credibility, medical condition, psychological condition, history, background, upbringing, social status, family situation, incarceration, drug use, sexual activities in jail, and criminal history, are relevant and important issues for both discovery and trial. Questioning Martinez about her several

-4-

incarcerations, ten children, family relationships, and other relationships has taken, and will take, more time than for a witness or plaintiff with a more mundane or easily explained history and lifestyle.

There was a substantial amount of material to cover at the deposition. There is no evidence that inappropriate questions by defense counsel or objections by Martinez' attorneys protracted the deposition. The record reflects that the sole reason that this deposition will require more than seven hours to complete is the volume of facts and issues.

The Court has considered the factors the United States Court of Appeals for the Tenth Circuit has indicated should be considered when determining whether to extend discovery. Std. v. Union Pacific R. Co., No. 98-7134, 1999 WL 992973, *3 (10th Cir. Nov. 2, 1999); Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987). These factors include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

See Std. v. Union Pacific R. Co., 1999 WL 992973 at *3 (quoting Smith v. United States, 834 F.2d at 169). In this case, trial is not imminent, and granting this motion will not delay discovery. The Defendants have been diligent about complying with discovery deadlines that the Court has established, and, at this time, there does not appear to be any other discovery dispute that the Court needs to resolve. In addition, considering the Defendants obtained new evidence on the eve of the deposition, the Defendants promptly brought the issue of needing additional deposition time to the Court's attention. Moreover, not providing these Defendants additional time to depose the Plaintiff would likely prejudice the Defendants. Allowing an additional three hours of deposition, however, will not unduly prejudice the Plaintiff. Because of the number of alleged rape incidents at issue, the

additional deposition time is likely to lead to relevant evidence. In light of the Tenth Circuit factors, therefore, the Court concludes that the Defendants are entitled to additional deposition time of the Plaintiff.

**IT IS ORDERED** that the Defendants MTC's, Graham's, and Gallegos' Motion to Enlarge Time Allotted for Deposition of Plaintiff is granted. The Court orders MTC and Graham's counsel up to two hours and Gallegos' counsel up to one hour to examine Martinez in her deposition.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Adam S. Baker
Mary Y.C. Han
Kennedy & Han,
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Patrick D Allen
Yenson Lynn Allen & Wosick, PC
Albuquerque, New Mexico

    *Attorney for the Defendants Cornell Corrections of Texas Inc.,*
    *a Delaware Corporation and Rudy Estrada*

P. Scott Eaton
Eaton Law Office
Albuquerque, New Mexico

    *Attorney for the Defendants Management Training Corporation,*
    *a Delaware Corporation and Cody Graham*

Norman F. Weiss
Alisa R. Wigley
Simone, Roberts & Weiss
Albuquerque, New Mexico

    *Attorneys for the Defendant Luis Gallegos*