IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUANITA MARTINEZ,

        Plaintiffs,

vs.                                      No. CIV 04-0255 JB/RLP

CORNELL CORRECTIONS OF TEXAS, Inc.,
a Delaware Corporation, MANAGEMENT
AND TRAINING CORPORATION, a Delaware
Corporation, and RUDY ESTRADA, CODY
GRAHAM, and LUIS GALLEGOS, in their
individual capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Luis Gallegos's Motion to Extend Deadline for Limited Purpose of Filing a Motion for Summary Judgment, filed March 21, 2005 (Doc. 138). The Court held a telephonic hearing on this matter on April 12, 2005. The primary issue is whether the Court should permit Gallegos to file a motion for summary judgment beyond the deadline in the Initial Pretrial Order. Because Gallegos has not shown good cause for extending this deadline, the Court will deny the motion without prejudice to Gallegos raising for dispositive motions.

## PROCEDURAL BACKGROUND

Defendants Cornell Corrections of Texas, Inc. and Rudy Estrada filed a Motion for Summary Judgment on March 2, 2005. See Doc. 126. Defendants Management & Training Corporation and Cody Graham filed a Motion for Summary Judgment on March 3, 2005. See Docs. 129 and 130. Both motions for summary judgment argue that the Court should enter judgment against Martinez because of her allegedly countless contradictions and inconsistencies concerning the events that are

the subject of this suit.  See Docs. 126, 129, and 130.

The deadline for filing pretrial motions was March 5, 2005.  See Initial Pretrial Report at 17, filed July 9, 2004 (Doc. 29).  Martinez sought and was granted, with the agreement of all parties, an extension of time to respond to both motions.

On March 21, 2005, the Court filed this motion for extension of the deadline for dispositive motions.  Gallegos requests permission to file a motion for summary judgment on the same grounds as the other three Defendants assert.  Gallegos attaches a copy of his proposed motion for summary judgment and supporting memorandum to his motion to extend the deadline.  The proposed motion reiterates the argument posed by all other Defendants.  While the Court has not had the opportunity to study in detail all the briefing on the other Defendants' motions, the issues raised in the proposed motion for summary judgment appear to be identical to the issues that the other Defendants raised in the two other pending motions for summary judgment.  See Docs. 126, 129, and 130.

Gallegos moves the Court to enter an order extending the deadline to file pretrial motions for the limited purpose of filing a motion for summary judgment.  Martinez opposes the filing of Gallegos' motion for summary judgment.

## LAW REGARDING EXTENSIONS OF TIME

Under rule 16 of the Federal Rules of Civil Procedure, a court may make "a scheduling order that limits the time . . . to file motions."  Fed. R. Civ. P. 16(b)(2).  A court may modify a rule 16 scheduling order only "upon a showing of good cause."  Fed. R. Civ. P. 16(b).  "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  Sosa v. Airport Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998)(quoting Fed. R. Civ. P. 16, advisory committee's note).

"Summary judgment motions are often the most significant pretrial matters and are typically the most time-consuming motions considered by the district courts.  Imposing reasonable limits on when they may be filed, therefore, is critical for the scheduling of trial in individual cases and for the management of the entire docket, which were the goals behind the amendment of Federal Rule 16." Julian v. Equifax Check Servs., 178 F.R.D. 10, 14 (D. Conn. 1998).

## ANALYSIS

It is within the Court's discretion to allow a pretrial motion after the March 5, 2005, deadline.

Gallegos has not demonstrated good cause for the Court to extend the deadline for him to file a motion for summary judgment.  Indeed, Gallegos does not offer any reason to justify his failure to comply with the Court's order setting the deadline for such motions.  Moreover, Gallegos did not request leave to do so until more than two weeks after the deadline had passed.

The other Defendants -- Gallegos' employers -- have already raised the issue that Gallegos seeks to raise in his motion for summary judgment.  For example, Cornell and Estrada have argued that they are entitled to summary judgment because Martinez cannot prove that Gallegos' violated her civil rights.  See Defendants Cornell Corrections and Estrada's Motion for Summary Judgment at 10-13, filed March 2, 2005 (Doc. 126).  The Court's ruling on this issue will be determinative as to Gallegos.

Allowing Gallegos to file a motion for summary judgment will not greatly prejudice Martinez, as Gallegos raises no new arguments.  Responding to a third motion that raises no new issues, but seeks similar relief on Gallegos' behalf, will not be greatly prejudicial.  While Gallegos' proposed motion for summary judgment might cause a delay of the trial in this matter, that result seems remote. While briefing may not be completed before trial if Gallegos is allowed to file his motion today and

everyone takes their full time to respond and to reply, presumably there is not much more to say on this issue, and Gallegos might waive his reply.

While this motion is not the appropriate stage of this litigation to decide the motions for summary judgment, the Court is concerned about the possible futility of Gallegos' proposed motion for summary judgment. At first glance, it appears premised on disputed material facts. See Defendant Luis Gallegos's [Proposed] motion for Summary Judgment ¶¶ 2-10, at 2-4.   Specifically, Gallegos intends to argue that the Court should award him summary judgment by discounting Martinez' sworn testimony in favor of her apparently contradictory statements in letters she wrote to her child's father, which she has attempted to explain at her deposition. See id. ¶¶ 8-9, at 4; id. at 5; Plaintiff's Response to Defendants Cornell Corrections and Estrada's Motion for Summary Judgment at 14-16, filed April 1, 2005 (Doc. 146).  The Court is concerned whether summary judgment on this basis would be proper.  See Seamans v. Snow, 206 F.3d 1021, 1026 (10th Cir. 2000)("It is axiomatic that a judge may not evaluate the credibility of witnesses in deciding a motion for summary judgment.").

The Court may properly address the arguments raised in the proposed motion at the same time it addresses the other two motions for summary judgment before the Court.  For these reasons, allowing Gallegos to file his proposed motion would result in some waste of resources by all parties involved, including Gallegos' attorneys' fees for filing an unnecessary motion, Martinez' preparation of a response to the proposed motion, and the Court's efforts to consider the motion and issue an order regarding same.  While Gallegos has already drafted the proposed summary judgment and could immediately file it upon securing the Court's permission, there will be other expenses associated with the proposed motion.  As a result, Gallegos' proposed motion would serve no logical purpose.

-4-

Should the Court grant the pending motions for summary judgment as to all other Defendants, it may well be that the arguments they raised would also preclude Martinez from recovering against Gallegos.  If, at the conclusion of the hearing on the pending motions for summary judgment, Gallegos wishes to raise this request again, the Court will permit him to do so by dismissing this request without prejudice.

**IT IS ORDERED** that Defendant Luis Gallegos's Motion to Extend Deadline for Limited Purpose of Filing a Motion for Summary Judgment is denied, and the Court will dismiss this request without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Paul Kennedy
Mary Y.C. Han
Adam S. Baker
Kennedy & Han, P.C.
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Patrick Allen
Devin Fooks
Yenson, Lynn, Allen & Wosick, P.A.
Albuquerque, New Mexico

   *Attorney for Defendants Cornell Corrections and Rudy Estrada*

P. Scott Eaton
Eaton Law Office, P.C.
Albuquerque, New Mexico

*Attorney for Defendants Management and Training Corporation*
*and Cody Graham*

Norman F. Weiss
Alisa R. Wigley
Simone, Roberts & Weiss, P.A.
Albuquerque, New Mexico

*Attorneys for Defendant Luis Gallegos*