IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUANITA MARTINEZ,

      Plaintiff,

vs.                                                                       No. CIV-04-0255 JB/RLP

CORNELL CORRECTIONS OF TEXAS, INC.,
a Delaware Corporation, MANAGEMENT AND
TRAINING CORPORATION, A Delaware
Corporation, and RUDY ESTRADA, CODY
GRAHAM, and LUIS GALLEGOS, in their
individual capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Cornell Corrections of Texas, Inc. and Rudy Estrada's Motion to Amend the Answer by Interlineation, filed April 15, 2005 (Doc. 164). The primary issue is whether the Court should allow Cornell and Estrada to amend their Answer to deny that Estrada was a Cornell employee at all relevant times. Because the statute of limitations has expired, and because no one before the Court can waive the appropriate person's affirmative defense, the Court concludes that the proposed amendment would unfairly prejudice Plaintiff Juanita Martinez and denies the motion to amend by interlineation without prejudice. If the substitute party is willing to waive the affirmative defense, the Court would be inclined to reconsider this ruling and allow the amendment.

## PROCEDURAL BACKGROUND

Martinez filed her First Amended Complaint on March 11, 2004. Cornell and Estrada filed their Answer on April 9, 2004, wherein they admitted that Cornell employed Estrada at all relevant

times until October 2001. See Plaintiff's Amended Complaint ¶ 5, at 2, filed March 11, 2004 (Doc. 2)("Defendant Rudy Estrada was, at all relevant times herein, employed by Defendant Cornell Corrections as the Warden of SFCADC until October 2001."); Defendants Cornell Corrections of Texas and Rudy Estrada's Answer to the Plaintiff's Amended Complaint ¶ 5, at 2, filed April 9, 2004 (Doc. 10). Cornell and Estrada did not, at any time during discovery, apprise Martinez that someone other than Estrada was the Warden of the SFCADC during this period. Martinez served interrogatories and requests for production on Estrada on October 24, 2005, in which she sought information about Estrada's employment history. See Certificate of Service, filed October 27, 2004 (Doc. 45); Defendant Estrada's Answer to Plaintiff's Interrogatory No. 2, served December 6, 2004 (attached to Doc. 146). In his Answer to Martinez' interrogatory about his employment history, Estrada stated that "[c]ounsel is still in the process of gathering information from which this information can be derived, and will supplement this response in the near future." Defendant Estrada's Answer to Interrogatory No. 2, at 2.

Martinez did not make any attempt to depose Estrada before the close of discovery. Moreover, Martinez did not take any depositions, including the deposition of Defendant Luis Gallegos, the alleged wrongdoer. Cornell and Estrada represent that their counsel was unable to locate him before the close of discovery and that they did not notice their error for many months.

Cornell and Estrada represent that, as soon as they recognized their mistake, they took steps to correct it, including providing Martinez with supplemental written discovery responses. Estrada did not, however, state that Cornell did not employ him during the relevant period, and disclose the dates of his employment at the SFCADC, until he served a supplemental answer to this interrogatory on February 11, 2005, which was after the close of discovery on January 3, 2005. See Defendant

Estrada's Supplemental Answer to Plaintiff's Interrogatory No. 2 (attached to Doc. 146); Certificate of Service for Defendant Estrada's Supplemental Answers to Plaintiffs' Interrogatories, filed February 14, 2005 (Doc. 115).

Since the filing of their Answer, it has come to the Defendants' attention that Estrada left his employment with Cornell in January, 1999.  Thus, at this time, it is undisputed that Estrada left his employment with Cornell in January 1999.  Accordingly, Cornell and Estrada wish to withdraw the admission in their Answer and amend their Answer by interlineation to deny Martinez' allegation that Cornell employed Estrada at all relevant times until October 2001.

Cornell and Estrada move the Court, pursuant to rule 15(a), for leave to amend by interlineation their Answer to Martinez' First Amended Complaint.  Gallegos concurs in this motion.  Martinez opposes the motion.  Management and Training Corporation and Graham have not indicated their position.

The Court continued the May 9, 2005, trial setting.  The statute of limitations has expired.  Estrada does not object to allowing Martinez to amend her pleading to substitute the appropriate party.  Cornell and Estrada have indicated that they intend to assert the statute of limitation defense should Martinez seek to add the proper party in Estrada's stead.

**LAW REGARDING ADMISSIONS AND MOTIONS TO AMEND**

Rule 8(d)'s purpose is to "apprise the plaintiff of the allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable plaintiff to prevail."  Yarnell v. Roberts, 66 F.R.D. 417, 423 (E.D. Pa. 1975)(citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1261 (1969)).  Accordingly, matters admitted in a defendant's answer require "neither proof nor finding[.]" Fontes v. Porter, 156

F.2d 956, 957 (9th Cir. 1946). Moreover, under rule 8(d), the effect of a failure to deny facts alleged in the complaint is to admit them. See Citizens Concerned for Separation of Church and State v. City and County of Denver, 628 F.2d 1289, 1293 (10th Cir. 1980)(observing that failure to deny even jurisdictional facts in answer is to admit them); Meschino v. N. Am. Drager, Inc., 841 F.2d 429, 435-36 (1st Cir. 1988)(finding that corporation's admission in its answer that it sold machine to hospital precluded plaintiff from having to prove that corporation sold machine); Hall v. Aetna Cas. & Sur. Co., 617 F.2d 1108, 1111 (5th Cir. 1980)(holding that insurer's failure to deny existence of insurance coverage under policy at issue was to admit that coverage existed); BWL, Inc. v. Bank of New England, 123 B.R. 675, 682 (D. Me. 1991)(citing Meschino v. N. Am. Drager, Inc., 841 F.2d at 435-36)(holding that parties are bound by admissions in pleadings).

Federal pleading is not a game of skill and courts should, as a general rule, adjudicate cases on their merits, not on the formalities of pleading. See Conley v. Gibson, 355 U.S. 41, 48 (1957). Rule 15(a) of the Federal Rules of Civil Procedure states that, absent certain circumstances not present in this case, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In accordance with rule 15(a), the United States Court of Appeals for the Tenth Circuit has adopted a liberal standard when determining whether the interests of justice dictate that the court should give leave to amend the pleading. See, e.g., Calderon v. Kan. Dep't of Soc. and Rehab. Servs., 181 F.3d 1180, 1185-86 (10th Cir. 1999). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Id. (citing Foman v. Davis, 371 U.S. 178, 181-82 (1962)).

Courts "balance several factors in deciding whether leave to amend should be granted." 6 C.

Wright & A. Miller, Federal Practice & Procedure § 1487, at 612 (2d ed. 1990).  As the Supreme Court of the United States has stated:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. at 182.

## ANALYSIS

Estrada admitted early in this case that Cornell employed him in 2001 as the Warden of SFCADC during the incidents forming the basis of the Plaintiff's Amended Complaint.  See Plaintiff's Amended Complaint ¶ 5, at 2; Cornell Corrections and Estrada's Answer ¶ 5, at 2.  Martinez represents that she could not have anticipated the need to conduct any discovery regarding the identity of the person actually employed as the Warden in 2001, because the law deemed that issue proved for rule 8(d)'s purposes.  Cornell and Estrada then compounded the problem by not apprising Martinez of the correct facts until after discovery ended.

The equities in this case do not point in one direction.  First and foremost, courts remain truth-seeking institutions.  Here, the fact that Estrada left Cornell before the events at issue would normally strongly suggest that the Court should permit Cornell and Estrada to amend their Answer by interlineation to deny Martinez' allegation that Cornell employed Estrada at all relevant times until October 2001.

Martinez nonetheless urges the Court to deny the Motion to Amend.  Two reasons weigh against the proposed amendment.  The Court believes that it can effectively mitigate any prejudice to Martinez related to the possible need for additional discovery.  While Martinez cannot, without

leave, conduct discovery, the Court can cure this problem. The Court does not, however, see how it can remedy the statute of limitations problem. Unless Cornell and Martinez secure the correct defendant's agreement to waive any statute of limitations defense, the Court will deny the motion to amend.

Cornell and Estrada did not file their Motion to Amend until more than one year after they filed their Answer. There is nothing in the record, however, to suggest that Cornell or Estrada acted in bad faith, of malfeasance, or of sinister motive behind the timing of the disclosure of the dates of Estrada's employment. Nevertheless, the consequences and burden for this mistake must be allocated to one party or the other. There is no compelling reason to move this problem from Cornell and Estrada's side of the litigation to Martinez'. Cornell and Estrada were in a better position than Martinez to know that Cornell did not employ Estrada as the Warden of the SFCADC in 2001 until three months ago.

Cornell has waited until close to trial to bring this matter to the Court's attention. While the Court must evaluate each case on its particular circumstances, this case contains strong evidence of undue and unfair delay. Martinez relied on Estrada's admission to her detriment. Estrada's proposed amendment would thus be improper.

Estrada does not offer a sound reason why he misled Martinez into believing that he was employed as the Warden at the SFCADC in 2001. The Court does not understand how counsel could enter an appearance for Estrada without being in contact with him at any time during the case. See Reply in Support of Defendants Cornell Corrections of Texas, Inc. and Rudy Estrada's Motion to Amend the Answer by Interlineation at 2, filed May 12, 2005 (Doc. 172)("[C]ounsel for Defendants was unable to locate Defendant Estrada prior to the close of discovery.").

Cornell and Estrada contend that, having made the conscious decision to conduct limited discovery, Martinez cannot now allege prejudice. Cornell and Estrada accuse Martinez of allowing her case to languish. The Court disagrees. A plaintiff does not have to do any discovery. The Court finds no bad faith on Cornell and Estrada's part; neither does it find any bad faith on Martinez' part. The practical issue is who was in the best position to avoid the problem and thus should bear the burden and consequences of the problem.

The more serious problem is that the statute of limitations has expired. Cornell and Estrada did not bring the correct information to Martinez' attention until after discovery had closed and the three-year statute of limitations had run. Under these circumstances, the proposed amendment may have the effect of causing the dismissal of Martinez' claim that the Warden employed by Cornell violated her rights. She will not be able to prove that Cornell so employed Estrada in 2001. The Court is concerned that Martinez will suffer undue prejudice if it allows the proposed amendment.

The proposed amendment is improper under rule 15(a). To allow Cornell and Estrada to withdraw their admission under these circumstances would be to undermine rule 8(d)'s purposes. Estrada's admission, together with his failure to state the correct facts during discovery, effectively discouraged Martinez from discovering the identity of the SFCADC's actual warden within the three-year statute of limitation. The Court should not permit Cornell Corrections to escape financial responsibility for its agent's acts by, in effect, frustrating discovery of his true identity. Cf. Zielinski v. Philadelphia Piers, Inc., 139 F. Supp. 408, 412-13 (E.D. Pa. 1956)(relying on principle that it is proper to make statement to the jury that agency is admitted where an attempt to amend answer to the contrary is made after the expiration of the period of limitation).

To give effect to rule 8(d), while preventing injustice to Martinez, the Court will deny the

Motion to Amend. The proposed amendment is untimely and would act to unfairly prejudice her. Principles of justice and fairness counsel that the Court should not give Cornell and Estrada leave to amend even though their original Answer did not accurately reflect the dates of Estrada's employment.

Cornell and Estrada correctly note that Martinez has not directed the Court to authority which supports the position that an individual may be held liable when he or she clearly is not the responsible party. In a § 1983 action, the liability of an individual must be premised upon personal involvement. See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). Cornell and Estrada contend that, without the requisite showing of personal involvement in the alleged wrongful acts, liability may not be imposed, regardless of any error in pleading. That, however, is a separate issue. The issue here is whether the Court should allow Cornell and Estrada to amend the pleadings, not whether Estrada can be held liable for a § 1983 violation. It may become necessary for the Court to decide that issue, but it is not necessary to decide that issue on this motion.

Estrada cannot provide consent or a waiver of an affirmative defense on behalf of the individual who would be substituted in his place. Thus, Martinez may need to join the correct party and see if that Warden raises the statute-of-limitations defense.[1] If that Warden does not, then the Court would be inclined to grant any renewed request to amend by interlineation.

---

[1] The Court notes that the Tenth Circuit has allowed a plaintiff to amend her complaint naming a subsidiary corporation where the parent corporation failed to state that it was not the proper party in its answer, even after the period of limitation had run. See Travelers Indem. Co. v. United States, 382 F.2d 103,105-06 (10th Cir. 1967)(noting that the defendant "'hid in the bushes' so to speak and finally struck the plaintiff from ambush."). See also Fed. R. Civ. P. 15(c)(2)(allowing "[a]n amendment of a pleading [to] relate[] back to the date of the original pleading" in certain circumstances). The Court need not decide on this motion what the law would be if Martinez brought in the correct party. Here, the only issue is whether the Court should allow Cornell and Estrada to amend.

**IT IS ORDERED** that Defendants Cornell Corrections of Texas and Rudy Estrada's Motion to Amend their Answer to Plaintiff's First Amended Complaint by Interlineation is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Paul J. Kennedy
Adam S. Baker
Kennedy & Han, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Patrick D. Allen
April D. White
Yenson, Lynn, Allen & Wosick, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Cornell Corrections of Texas, Inc. and*
      *Rudy Estrada*

P. Scott Eaton
Eaton Law Offices, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Management and Training Corporation and*
      *Cody Graham*

Norman F. Weiss
Simone, Roberts & Weiss, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant*